# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICIO MANZANO; NEL T. MANZANO,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>MISSON FEDERAL CREDIT UNION;<br>FIRST AMERICAN TITLE COMPANY;<br>T.D. SERVICE COMPANY; et al.,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 10-CV-2681 JLS (WVG)<br><br>**ORDER: (1) DENYING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER; (2) SETTING HEARING FOR PRELIMINARY INJUNCTION**<br><br>(Doc. No. 2) |

In October 2005, Plaintiffs obtained a $515,000 loan from Defendant Mission Federal Credit Union secured by a deed of trust on the property located at 818 Belle Crest Way, San Diego, California (the property). (*See* Doc. No. 1 (Compl.) Exs. B, C.) "On or about May 27, 2010," Defendant TD Service Company recorded a notice of default and election to sell against the property. (Doc. No. 4 (Decl. ISO TRO Appl.) ¶ 4.) A trustee's sale was scheduled for December 29, 2010 at 10:30 a.m. (*Id.* ¶ 5.) On December 29, 2010 at 9:43 a.m., Plaintiffs filed a complaint against Defendants alleging sixteen causes of action related to the loan transaction and subsequent foreclosure. (*See* Compl.) Concurrently therewith, Plaintiff filed the instant ex parte application for a temporary restraining order (TRO) and preliminary injunction. (Doc. No. 2 (TRO Appl.).) Plaintiffs have yet to serve process on Defendants.

## 1. Temporary Restraining Order

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc. (NRDC)*, — U.S. —, 129 S. Ct. 365, 374 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 128 S. Ct. 2207, 2218–19 (2008)); *see also Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *NRDC*, 129 S.Ct. at 376. This "clear showing" requires Plaintiff to show more than a mere "possibility" of irreparable harm, but instead he must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Id.* at 375 (emphasis in original); *Am. Trucking Ass'ns*, 559 F.3d at 1052.

When a plaintiff has not provided notice of her application to the defendant, Federal Rule of Civil Procedure 65(b)(1) imposes specific requirements prior to the issuance of a temporary restraining order.

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). "The stringent restrictions imposed . . . by Rule 65[] on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 438–39 (1974) (footnote omitted).

Accordingly, "courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). "For example, an ex parte TRO may be appropriate 'where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for

1 a hearing.'" *Id.* (quoting *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)). Alternatively, "[i]n cases where notice could have been given to the adverse party, courts have recognized a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action.'" *Id.* (quoting *Am. Can Co.*, 742 F.3d at 322).

Here, Plaintiff has met the first requirement for a temporary restraining order without notice. Plaintiff's counsel has certified in writing that "the plaintiffs . . . will be deprived of their home" without a temporary restraining order. (Decl. ISO TRO Appl. ¶ 6; *see Alcaraz v. Wachovia Mortg. FSB*, 592 F. Supp. 2d 1296, 1301 (E.D. Cal. 2009) ("'Losing one's home through foreclosure is an irreparable injury.'" (quoting *Wrobel v. S.L. Pope & Asscos.*, 2007 WL 2345036, at *1 (S.D. Cal. Aug. 15, 2007))).) And the trustee's sale was scheduled for December 29, 2010, a scant forty-seven minutes after Plaintiffs filed their complaint and application. (Decl. ISO TRO Appl. ¶ 5; *see* Fed. R. Civ. P. 65(b)(1)(A).)

However, Plaintiffs have failed to meet the second requirement of Rule 65(b)(1). Although Plaintiff's counsel has certified in writing that "[g]reat and/or irreparable injury will result to plaintiff [sic] before the matter can be heard on notice," neither Plaintiff nor Plaintiff's counsel has certified in writing any efforts to give notice to Defendants. (Decl. ISO TRO Appl. ¶ 8.) Plaintiffs have also not demonstrated that notice is impossible or would render further prosecution of the action fruitless, as is required for an ex parte TRO. *Reno Air Racing*, 452 F.3d at 1131.

Because Plaintiffs have not met the second requirement for a TRO without notice, Plaintiffs' application is **DENIED**.

**2. Preliminary Injunction**

Plaintiff's application also requests a preliminary injunction. (*See* TRO Appl. 4.) Under Rule 65(a)(1), "[t]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Accordingly, to have their request for a preliminary injunction set for hearing, Plaintiffs must serve Defendants with all documents they have filed in this matter, including the complaint, the application, counsel's declaration, and this Order by <u>January 10, 2011</u>. Plaintiffs must electronically file proof of service by <u>January 14, 2011</u>.

1  If Plaintiffs timely serve and file all documents, the request for a preliminary injunction will be set for hearing on <u>Friday, March 11, 2011 at 3:00 p.m</u>. Briefing shall comply with Local Civil Rule 7.1. S.D. Cal. Civ. R. 7.1. If all documents are not served as directed, the matter will not be heard on March 11, 2011. Rather, Plaintiff must obtain the next available hearing date from chambers under Local Civil Rule 7.1(b).

## CONCLUSION

For the reasons stated, Plaintiffs' ex parte application for a temporary restraining order is **DENIED**.

IT IS SO ORDERED.

DATED: December 29, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge